1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   HUMAN MATRIX SCIENCES, LLC, a      )   1:08-cv-0743 OWW DLB
    California limited liability       )
10  company,                           )   SCHEDULING CONFERENCE ORDER
                                       )
11                    Plaintiff,       )   Discovery Cut-Off: 6/12/09
                                       )
12      v.                             )   Non-Dispositive Motion
                                       )   Filing Deadline: 7/17/09
13  AMERICAN FIBER & FINISHING,        )
    INC., a Delaware corporation;      )   Dispositive Motion Filing
14  and DOES 1 through 30,             )   Deadline: 8/10/09
    inclusive,                         )
15                                     )   Settlement Conference Date:
                      Defendants.      )   9/3/09 10:00 Ctrm. 9
16                                     )
                                       )   Pre-Trial Conference
17  _____   )   Date:  10/19/09 11:00 Ctrm.
                                           3
18
                                           Trial Date:  12/1/09 9:00
19                                         Ctrm. 3 (JT-5 days)

20

21  I.   Date of Scheduling Conference.

22       September 4, 2008.

23  II.  Appearances Of Counsel.

24       Kimble, MacMichael & Upton by Jeremy D. Clar, Esq., appeared

25  on behalf of Plaintiff.

26       Baker, Manock & Jensen by Dirk B. Paloutzian, Esq., appeared

27  on behalf of Defendant.

28  ///

                                1

III.  Summary of Pleadings.

**Plaintiff's Summary**

1.    In 2005, Plaintiff and Defendant entered into an Agreement whereby Plaintiff agreed to sell its cosmetic products to Defendant at cost, and Defendant agreed to pay for the products upon being invoiced.  In addition to paying the invoices, Defendant agreed to pay Plaintiff one-half (50%) of the net profits from Defendant's sale of Plaintiff's products. Defendant further agreed and was required to provide to Plaintiff accountings of all sales of the products along with payment of the fee.

2.    As an additional term of the Agreement, Plaintiff developed a product line specifically for sale by Defendant, and Defendant agreed to pay Plaintiff for the development of the product line.  Plaintiff incurred costs in excess of $171,208 to develop this product line.  Defendant also agreed to market Plaintiff's products.  Plaintiff incurred promotional costs of approximately $55,431, which Defendant agreed to pay.

3.    Defendant breached the Agreement by failing to pay Plaintiff for the products supplied by Plaintiff upon being invoiced, failing to adequately market, advertise or support the sale of Plaintiff's products, failing to develop new markets or support existing markets for these products, and stopping its sales of Plaintiff's products.  As a result of the breaches of the Agreement by Defendant, Plaintiff has suffered damages including, but not limited to, the following: $314,012 for products sold to Defendant; expenditure of more than $171,208 for developing a product line; and approximately $55,431 for

1  promoting Plaintiff's products.

2      **Defendant's Summary**

3      1.    While Defendant concedes that Plaintiff delivered
4  certain cosmetic products to Defendant in the year 2005, which
5  Defendant in turn sent to retail stores with the hope that the
6  products would be purchased by the public, there remains
7  considerable confusion as to the amount of the products sent by
8  Plaintiff to Defendant, what products were returned by Defendant
9  to Plaintiff, and what products the Plaintiff refused to take
10 back, after the products could not be sold at retail.   The
11 parties did not have a written contract.   Defendant contends that
12 the arrangement for sale of Plaintiff's products was in the
13 nature of a consignment.   Defendant received two separate types
14 of Plaintiff's cosmetic products.   These were placed in over one
15 hundred retail stores by Defendant, but the product was not
16 preferred by the public and little was purchased by the public.
17 The more expensive product that could not be sold was later
18 returned by Defendant to Plaintiff, but Plaintiff refused to take
19 back the less expensive of the two products, and instead demanded
20 payment for same, in contravention of the arrangement between the
21 parties.

22     2.    Defendant's counsel has approached Plaintiff's counsel,
23 seeking to determine if there are documents that could further
24 clarify the facts in this case, which might make a settlement
25 possible.

26 **IV.   Orders Re Amendments To Pleadings.**

27     1.    The parties do not anticipate amending the pleadings at
28 this time.   The parties, if there are amendments, agree that a

                                   **3**

1  deadline for any motion to amend the pleadings shall be filed on

2  or before December 12, 2008.

3  V.   Factual Summary.

4       A.   Admitted Facts Which Are Deemed Proven Without Further

5  Proceedings.

6            1.   Plaintiff is a California limited liability

7  company having its principal place of business in Tulare County,

8  California.

9            2.   Defendant is a Delaware corporation having its

10 principal place of business in the State of North Carolina.

11      B.   Contested Facts.

12           1.   Whether Defendant requested products from

13 Plaintiff.

14           2.   Whether Plaintiff delivered products to Defendant.

15           3.   Whether Plaintiff invoiced Defendant for products

16 delivered.

17           4.   Whether Plaintiff demanded payment for products

18 delivered to Defendant.

19           5.   Whether Defendant paid for the products delivered.

20           6.   Whether the parties entered into an agreement in

21 which Defendant agreed to pay for the products delivered.

22           7.   Whether the parties entered into an agreement in

23 which Defendant agreed to pay Plaintiff for a portion of the

24 profits from Defendant's sale of the products.

25           8.   Whether Plaintiff developed a product line for

26 sale by Defendant.

27           9.   Whether the parties entered into an agreement in

28 which Defendant agreed to pay for the development of the product

4

line.

      10.   Whether the parties entered into an agreement in which Defendant agreed to pay for promoting Plaintiff's products.

VI.  Legal Issues.

    A.   Uncontested.

      1.   Jurisdiction exists under 28 U.S.C. §§ 1331 and 1367.

      2.   The parties do not agree on the choice of substantive law that governs this diversity action to provide the rule of decision.  If the parties are unable to agree, they shall, by December 12, 2008, file a motion for the Court's determination of applicable choice of law in this diversity action.

    B.   Contested.

      1.   Whether venue is proper under 28 U.S.C. § 1391(c).

      2.   Whether the claims are governed by California or North Carolina law.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

1.   The parties shall make their initial disclosures under Rule 26(a) on or before September 30, 2008.

2.   The parties jointly propose to the Court the following discovery plan:

a.   Depositions.

Pursuant to Rules 26(b)(2) and 30(a)(2) of the Federal Rules of Civil Procedure, and absent stipulation of the parties or unless otherwise ordered by the Court, each party shall be limited to ten (10) oral or written depositions taken under Federal Rules of Civil Procedure 30 and 31.  If any party believes that any proposed discovery is burdensome, oppressive or otherwise improper, that party shall have the burden of seeking a protective order against the proposed discovery.  The parties shall make reasonable efforts to agree to dates for depositions.

b.   Interrogatories.

Absent stipulation of the parties and unless otherwise ordered by the Court, Federal Rule of Civil Procedure 33 shall govern with respect to the maximum number of interrogatories to be propounded by any party.  If any party believes that any proposed discovery is burdensome, oppressive or otherwise improper, that party shall have the burden of seeking a protective order against the proposed discovery.

c.   Requests for Admission.

Absent stipulation of the parties or unless otherwise ordered by the Court, Federal Rule of Civil Procedure 36 shall govern with respect to the maximum number of requests for admissions which may be propounded by any party.  If any party

believes that any proposed discovery is burdensome, oppressive or otherwise improper, that party shall have the burden of seeking a protective order against the proposed discovery.

d. Requests for Production.

Absent stipulation of the parties or unless otherwise ordered by the Court, Federal Rule of Civil Procedure 34 shall govern with respect to the maximum number of requests for production which may be propounded by any party. If any party believes that any proposed discovery is burdensome, oppressive or otherwise improper, that party shall have the burden of seeking a protective order against the proposed discovery.

3. The parties are ordered to complete all non-expert discovery on or before May 15, 2009.

4. The parties are directed to disclose all expert witnesses, in writing, on or before March 13, 2009. Any supplemental or rebuttal expert disclosures will be made on or before April 17, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

5. The parties are ordered to complete all discovery, including experts, on or before June 12, 2009.

6. The provisions of F. R. Civ. P. 26(b)(4) shall

apply to all discovery relating to experts and their opinions.
Experts may be fully prepared to be examined on all subjects and
opinions included in the designation.  Failure to comply will
result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any
discovery motions, will be filed on or before July 17, 2009, and
heard on August 21, 2009, at 9:00 a.m. before Magistrate Judge
Dennis L. Beck in Courtroom 9.

2.   In scheduling such motions, the Magistrate
Judge may grant applications for an order shortening time
pursuant to Local Rule 142(d).  However, if counsel does not
obtain an order shortening time, the notice of motion must comply
with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be
filed no later than August 10, 2009, and will be heard on
September 14, 2009, at 10:00 a.m. before the Honorable Oliver W.
Wanger, United States District Judge, in Courtroom 3, 7th Floor.
In scheduling such motions, counsel shall comply with Local Rule
230.

XI.  Pre-Trial Conference Date.

1.   October 19, 2009, at 11:00 a.m. in Courtroom 3, 7th
Floor, before the Honorable Oliver W. Wanger, United States
District Judge.

2.   The parties are ordered to file a Joint Pre-
Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District

**8**

of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.    December 1, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    5 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for September 3, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.  The parties shall notify the courtroom deputy in the event that an early settlement conference will be productive.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

1  terms at the conference.

2      3.   Permission for a party [not attorney] to attend
3  by telephone may be granted upon request, by letter, with a copy
4  to the other parties, if the party [not attorney] lives and works
5  outside the Eastern District of California, and attendance in
6  person would constitute a hardship.  If telephone attendance is
7  allowed, the party must be immediately available throughout the
8  conference until excused regardless of time zone differences.
9  Any other special arrangements desired in cases where settlement
10  authority rests with a governing body, shall also be proposed in
11  advance by letter copied to all other parties.

12      4.   Confidential Settlement Conference Statement.
13  At least five (5) days prior to the Settlement Conference the
14  parties shall submit, directly to the Magistrate Judge's
15  chambers, a confidential settlement conference statement.  The
16  statement should not be filed with the Clerk of the Court nor
17  served on any other party.  Each statement shall be clearly
18  marked "confidential" with the date and time of the Settlement
19  Conference indicated prominently thereon.  Counsel are urged to
20  request the return of their statements if settlement is not
21  achieved and if such a request is not made the Court will dispose
22  of the statement.

23      5.   The Confidential Settlement Conference
24  Statement shall include the following:

25          a.   A brief statement of the facts of the
26  case.

27          b.   A brief statement of the claims and
28  defenses, i.e., statutory or other grounds upon which the claims

are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.

     1.   None.

XVI. Related Matters Pending.

     1.   There are no related matters.

XVII.    Compliance With Federal Procedure.

     1.   The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

     1.   The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
to bring this case to resolution.  The trial date reserved is
specifically reserved for this case.  If the parties determine at

1  any time that the schedule outlined in this order cannot be met,

2  counsel are ordered to notify the court immediately of that fact

3  so that adjustments may be made, either by stipulation or by

4  subsequent scheduling conference.

5     2.   Stipulations extending the deadlines contained

6  herein will not be considered unless they are accompanied by

7  affidavits or declarations, and where appropriate attached

8  exhibits, which establish good cause for granting the relief

9  requested.

10    3.   Failure to comply with this order may result in

11  the imposition of sanctions.

12

13 IT IS SO ORDERED.

14 Dlated:   September 4, 2008          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12